UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRET OGILVIE AND LINWOOD TRACY, JR.,<br><br>Defendants. | Case No. 3:12-cr-00121-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This Order addresses a series of motions separately filed by Defendants Bret Ogilvie and Linwood Tracy, Jr. The Order does not address motions pending where briefing has not completed unless otherwise noted herein. After reviewing the motions, including the responses from the government and Defendants' reply briefs, and the filings in this case, the Court finds that these motions lack merit and denies them.

**II.   BACKGROUND**

On November 28, 2012, Defendants Bret Ogilvie and Linwood Tracy, Jr. were indicted on one count of Conspiracy to defraud the United States for the purpose of impairing and obstructing the Internal Revenue Service of the Treasury Department's ("the IRS") lawful functions of assessing and collecting income taxes. The alleged manner and means of the Conspiracy include making threats to sue the IRS and IRS employees if tax liens and levies were not removed, filing of a lawsuit against IRS

1  employees, and transferring compensation of a bank account under the name of a
2  corporation sole. In addition, the Indictment charges Defendant Ogilvie with one count
3  of Corrupt Interference of Tax Administration and five counts of False Claims involving
4  tax years 2006 through 2010. Summonses were to be issued for Defendants to appear
5  on December 26, 2012. (Dkt. no. 2.)

On December 20 and 21, 2012, before their arraignment, Defendants separately filed identical emergency motions for subpoenas (dkt. nos. 7 and 11) and three motions to dismiss (dkt. nos. 8, 9, 10, 12, 13 and 14). Defendant Ogilvie also filed a Motion to Dismiss Due To Retaliation, Robo Signing, and Fraud. (Dkt. no. 15.)

On December 26, 2012, Defendants made their initial appearance and pled not guilty. Defendant Ogilvie waived his right to counsel. Defendant Tracy insisted on representing himself, but he also requested standby counsel. The Magistrate Judge granted his request and appointed standby counsel.

About a month later, on January 23, 2013, Tracy filed another Motion to Dismiss All Charges due to Retaliation, Robo Signing and Fraud with This Amended document. (Dkt. no. 50.) This Motion is similar to a motion of almost identical title filed by Ogilvie. (*See* dkt. no. 15.)

On January 25, 2013, Ogilvie filed a second Motion to Dismiss for Lack of Jurisdiction, which appears to be identical to the motion of the same title filed on December 20, 2013. (Dkt. no. 51.)

Because Defendants filed several identical motions, these motions will be addressed together.

**III.   DISCUSSION**

As an initial matter, the Court notes that the various motions to dismiss are similar in that they consist of what appears to be legal arguments taken from other briefs or cases that do not apply to this criminal indictment. These motions do not present meritorious arguments for the Court to consider.

///

### A. Emergency Motions for Subpoenas (dkt. nos. 7 and 11)

In their separate motions, Defendants moved for issuance of subpoenas for the hearing scheduled for December 26, 2012. However, the referenced hearing was Defendants' arraignment where no examination occurred or would have occurred. Accordingly, the Motions for Subpoenas are denied.

### B. Motions to Dismiss Indictment and Charges Based on Szfranski Violations (dkt. nos. 8 and 14)

It is not clear to the Court the basis upon which Defendants are seeking dismissal. Defendants claim the government is engaging in the production of counterfeit securities. The identical Motions consist of purported quotations from cases and legal discussions that are inapplicable to this case. These Motions are therefore denied.

### C. Motions to Dismiss for Lack of Jurisdiction (dkt. nos. 9, 13 & 51)

In these Motions, Defendants appear to challenge the government's authority to prosecute them. Defendants offer purported quotes from various regulations, statutes and famous jurists. However, the Court cannot decipher how they support Defendants' request to dismiss for lack of jurisdiction. Moreover, the offenses charged in the Indictment cover violations of the laws of the United States found at 18 U.S.C. §§ 371 and 287 as well as 26 U.S.C. § 7212(a). This Court has jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231.

### D. Motions to Dismiss Indictment and Charges Based on Violations of Due Process (dkt. nos. 10 and 12)

These Motions similarly recite and quote extensively from purported statutes, rules and cases. However, these discussions do not relate to the offenses charged in the Indictment. To the extent that one of the numerous grounds raised is a challenge to the Grand Jury Indictment, Defendants fail to offer any supporting evidence. Contrary to Defendants' suggestion, the Grand Jury that indicted them was impaneled by the United States District Court for the District of Nevada for the November 14, 2012, term.

The roll taken shows that all 23 members of the Grand Jury were present when they issued the Indictment. (*See* dkt. no. 4.) The records do not show any irregularities in the Grand Jury Indictment here.

### E. Motions to Dismiss All Charges Due to Retaliation, Robo Signing and Fraud (dkt. nos. 15 & 50)

These Motions suffer from similar deficiencies explained above. Sifting through the irrelevant discussions borrowed from what appears to be other briefs and cases, Defendants seem to challenge the government's authority to prosecute them. In particular, Defendants claim that "[t]he people presenting the indictment were not government officials, since the Government was acting as a bankrupt political organization, and the people were only masquerading as government officials." (Dkt. no. 15 at 2-3; *see id.* at 6-7; dkt. no. 50.) The Court finds that this contention has no merit.

These Motions also raise the same claim of irregularities in the Grand Jury Indictment. As discussed above, the records do not support this claim.

## IV. CONCLUSION

The content of the motions filed in this case raises a concern for the Court as to Defendant Ogilvie's decision to waive his right to counsel and Defendant Tracy's decision to seek only standby counsel. The Court intends to revisit these issues at the calendar call scheduled for February 13, 2013.

IT IS THEREFORE ORDERED that the motions referenced as the following docket nos. are denied: 7, 8, 9, 10, 11, 12, 13, 14, 15, 50 and 51.

IT IS FURTHER ORDERED that Defendants not file any additional motion that is a copy of the motions addressed in this Order.

DATED THIS 5th day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE